<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHERYL DILEO,<br><br>               Plaintiff,<br><br>               v.<br><br>RAY MABUS, et al.,<br><br>               Defendants. | Civil Action No. 14-4246 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court on Defendants Secretary of the Navy Ray Mabus ("Mabus") and Lieutenant Commander Travis Davis's ("Davis") (collectively, "Defendants") renewed motion to dismiss[1] (ECF No. 20) certain claims asserted in Plaintiff Cheryl Dileo's ("Plaintiff") amended complaint (ECF No. 14).[2] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[3] For

---

[1] The renewed motion to dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

[2] On July 3, 2014, Plaintiff filed the complaint. (ECF No. 1.) On December 11, 2014, Defendants filed their original motion to dismiss. (ECF No. 13.) Plaintiff then filed two amended complaints (ECF Nos. 14, 15) and a response to the motion to dismiss (ECF No. 16). On January 12, 2015, Defendants filed a reply brief, which reads as a renewed motion to dismiss. (ECF No. 20.) On May 29, 2015, this Court entered a Memorandum Order (ECF No. 21), instructing that the Second Amended Complaint be stricken, that Plaintiff may file a sur-reply, and that Defendants may file a sur-sur-reply. Plaintiff filed a sur-reply on June 10, 2015 (ECF No. 22), and Defendants responded on June 17, 2015 (ECF No. 23).

[3] This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 2000e-5(f).

the reasons stated below, Defendants' motion to dismiss is granted.[4]

## I.    **Background**

The instant matter arose out of an alleged incident of employment discrimination. (Am. Compl. ¶ 2, ECF No. 14.) Between October 10 and October 19, 2012, the Navy accepted applications for the position of "Supervisory General Supply Specialist for the Division." (*Id.* ¶ 34.) Plaintiff, a civilian employee of the United States Navy, applied for the position. (*See id.* ¶ 2.) At the time she applied, Plaintiff worked at the Naval Munitions Command Detachment at Weapons Station Earle in Colts Neck, New Jersey. (*Id.* ¶ 17.) She had approximately thirty years of experience performing tasks similar to those the supervisor position entailed. (*See id.* ¶¶ 19-24, 35-36.) Another applicant for the position, Thomas Dowdy ("Dowdy") was working at an entry level position at the time of the application; that position was comprised mostly of operating a forklift truck. (*Id.* ¶ 36.)

On December 2, 2012, an independent panel selected Plaintiff as the most qualified applicant for the job. (*Id.* ¶ 43.) The selection panel ranked the two applications on a scale of 0 to 100. Plaintiff received a score of 92, while Dowdy received a score of 75.  (*Id.*)

Davis, who made the final hiring decision, conducted his own evaluation of the candidates. Davis gave Plaintiff a score of 85 and Dowdy a score of 94. (*Id.* ¶ 53.) Davis worked with Plaintiff for about seven months; he did not have prolonged direct contact (totaling less than twenty minutes of direct communications over seven months) with Plaintiff and never negatively commented on Plaintiff's skills, competence, or performance. (*See id.* ¶¶ 26-30.) On December 5, 2012, Davis announced Dowdy as his selectee and recipient of the supervisory position. (*Id.* ¶ 52.)

---

[4] Defendants have not moved to dismiss Plaintiff's Title VII claim as asserted against Mabus; accordingly, this decision does not affect the status of that claim.

Plaintiff then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 62.) The Equal Employment Opportunity ("EEO") investigator first took statements from witnesses to the application and selection process; the investigator then took formal declarations, under penalty of perjury, from those same individuals. (*Id.* ¶ 63.) In his initial statement, Davis did not express any opinion as to Plaintiff's inability to perform her duties based on his personal observation of Plaintiff; instead, Davis stated that he based his selection on the information provided in the resumes. (*Id.* ¶¶ 65-68.) Later, in his formal declaration, Davis claimed that he based his reversal of the selection panel's grading on his personal experiences with the Plaintiff—including having to "continuously remind" Plaintiff of her duties, receiving late submissions of assignments, and contempt for authority—and on his ability to judge her performance and communication skills at staff meetings. (*Id.* ¶ 75.)

On April 29, 2014, Plaintiff withdrew the pending EEOC complaint in order to file this suit. (*Id.* ¶ 6.) Plaintiff brings suit against Davis both individually and in his official capacity and against Mabus in his official capacity only. Count One, brought against both Davis and Mabus, essentially asserts two causes of action: (1) denial of equal protection in violation of the Fourteenth Amendment and (2) race and gender employment discrimination under Title VII, 42 U.S.C. § 2000e-16. (*Id.* ¶¶ 7, 93, 105.) Similarly, Count Two, brought solely against Davis, contains two claims: (1) intentional infliction of emotional distress arising from (2) Davis's perjured defamation. (*Id.* ¶ 3.)

## II.   **Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what   the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.

554, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). The party invoking jurisdiction bears the burden of proof. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). "A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991). If the court finds that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

III.    **Analysis**

A.    **Count I**

In Count One, Plaintiff alleges both a Title VII violation and a violation of her Fourteenth Amendment rights. Defendants move to dismiss the Fourteenth Amendment claim and to dismiss Davis as a Defendant pursuant to Rule 12(b)(6).

1.    ***Fourteenth Amendment***

Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. "Interpretation of Title VII has shown that Title VII provides federal employees a remedy that 'precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." *Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987) (quoting *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983)). Because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, Plaintiff's Fourteenth Amendment claim must be dismissed.

2.    ***Title VII Claim***

Title VII provides that "an employee or applicant for employment . . . may file a civil action as provided in [§] 2000e-5 of this title, in which . . . the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16. Additionally, it is well-settled in the Third Circuit that individuals cannot be held liable under Title VII. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002*); see also Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996).   Mabus, as Secretary of the Navy, is the only proper Defendant in a Title VII action. Accordingly, Count One against Davis, in his individual and official capacity, must be dismissed.

**B.    Count II**

In Count Two, Plaintiff brings suit against Davis for intentional infliction of emotional distress and for defamation related to his sworn statements to the EEO investigator. (Am. Compl. ¶ 3.) Davis moves to dismiss Count Two pursuant to Rule 12(b)(1). Davis argues that he was acting within the scope of his employment when he responded to the EEO investigator's questions and, as a result, is immune from suit for claims of defamation and intentional infliction of emotional distress. Therefore, Davis argues, the Court must dismiss him as a defendant and substitute the United States as a defendant, and because the United States has retained its sovereign immunity for defamation actions, the Court lacks subject matter jurisdiction.

The Westfall Act limits liability for federal employees acting within the scope of their employment. "The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act, provides federal employees acting within the scope of their employment with absolute immunity from damage liability on state law tort claims." *Melo v. Hafer*, 13 F.3d 736, 739 (3d Cir. 1994). The issue of whether an employee is acting within the scope of his employment is ultimately a matter of state law; under the Westfall Act, however, the Attorney General has the power to certify that an employee was acting within the scope of his employment, which is prima facie evidence that the alleged injurious conduct was within the scope of the federal employee's duties. *See Brumfield v. Sanders*, 232 F.3d 376, 379 (3d Cir. 2000); *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992); 28 U.S.C. § 2679(d)(2). If the Court finds that the employee was acting within the scope of his or her employment, the United States will be substituted as the defendant. *See Melo*, 13 F.3d at 736; 28 U.S.C. § 2679(d)(1).

Here, the Attorney General's designee has certified, based on the facts alleged in the Amended Complaint, that Davis was acting within the scope of his employment.[5] (Certification of Paul A. Blaine, ECF No. 19.) Accordingly, the Court accepts the certification as prima facie evidence that Davis's actions were within the scope of his employment. *See Brumfield*, 232 F.3d at 380.

In New Jersey, conduct is within the scope of employment if it is the kind the employee is employed to perform, occurs within the time and space limits, and is actuated, at least in part, by a purpose to serve. *Di Cosala v. Kay*, 91 N.J. 159, 169 (1982) (citing Restatement (Second) of Agency § 228 (1957)). The scope of employment "may extend even to intentional or criminal acts committed by the servant" and even to acts not authorized by the employer "if they are clearly incidental to the master's business." *Brumfield*, 232 F.3d at 381 (internal quotation marks omitted); *see, e.g.*, *Donio v. United States*, 746 F. Supp. 500, 506 (D.N.J. 1990) (defamatory statements held to be within the scope of employment under New Jersey law).

Here, Davis's conduct fell within the scope of his employment. It was Davis's responsibility to hire someone to fill the vacant position. Davis was also required to cooperate in the investigation of Plaintiff's EEO complaint. Davis's actions undisputedly took place within the time and space limits of his job. Finally, Davis's actions were actuated, at least in part, by a purpose to serve the Navy. Davis hired an employee and answered the EEO investigation questions as part of his job responsibilities. Therefore, the statements, even if false, were made within the scope of employment.

---

[5] The Attorney General has delegated certification authority to the United States Attorneys. *See* 28 C.F.R. § 510; 28 C.F.R. § 15.3; *Brumfield*, 232 F.3d at 379 n.3.

As a result, the Court substitutes the United States as the proper Defendant in Count Two. The Federal Torts Claim Act ("FTCA") bars actions against the United States for defamation; claims arising out of "libel, slander, misrepresentation [or] deceit" are an exception to the general waiver of sovereign immunity. 28 U.S.C. § 2680(h).[6] Defamation suits against the United States are therefore prohibited. *See Brumfield*, 232 F.3d at 382. As a result, the Court lacks subject matter jurisdiction over the dispute, and Plaintiff's second claim cannot survive. Accordingly, Count Two is dismissed with prejudice.

**IV.**   **Conclusion**

For the reasons set forth above, Plaintiff's Fourteenth Amendment claim is dismissed with prejudice. With respect to Count Two, the United States is substituted as Defendant in place of Davis, and Count Two is dismissed with prejudice, in its entirety, for lack of subject matter jurisdiction. Plaintiff's sole remaining claim is the Title VII claim as asserted against Mabus. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 31, 2015

---

[6] 28 U.S.C. § 2680(h) creates exceptions to the general waiver of sovereign immunity set forth in 28 U.S.C. § 1346. *Brumfield*, 232 F.3d at 382 n.6.